IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CSC BRANDS, LP and<br>CAMPBELL SOUP COMPANY, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. 08-79-GMS |
| NATIONAL HARVEST FOOD GROUP, LLC, | ) <br> ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) <br> ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant National Harvest Food Group LLC ("National Harvest"), through counsel, hereby answers the complaint of Plaintiffs CSC Brands, LP and Campbell Soup Company (collectively, "Campbell") as follows:

National Harvest denies that Campbell is entitled to a judgment declaring that its use of "Fully Loaded" – allegedly as a "variety designation" – on and in connection with a line of "Chunky" soups is not likely to cause confusion, mistake, or deception as to (1) the affiliation, connection, or association of Campbell with National Harvest, or (2) the origin, sponsorship, or approval of Campbell's goods.

Each numbered paragraph in this Answer responds to the identically numbered paragraph in Campbell's Complaint. National Harvest denies all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

### THE PARTIES

1. National Harvest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, thus, denies the same.

2. National Harvest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, thus, denies the same.

3. National Harvest admits that it is a Delaware Limited Liability Corporation and its registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Except as expressly admitted, National Harvest denies the allegations of Paragraph 3 of the Complaint.

## JURISDICTION

4. Paragraph 4 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent any response is required, such allegations are denied.

5. Paragraph 5 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent any response is required, such allegations are denied.

6. Paragraph 6 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent any response is required, such allegations are denied.

## FACTS

7. National Harvest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, thus, denies the same.

8. National Harvest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, thus, denies the same.

9.  National Harvest is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, thus, denies the same.

10. National Harvest admits the allegations of paragraph 10 of the Complaint.

11. National Harvest admits that it uses the mark FULLY LOADED® as a source identifier in connection with baked potatoes. National Harvest admits that Exhibit B to the Complaint is a copy of a printout of a web page located at www.nationalharvest.com/bakers.html. National Harvest admits that it sells products under the mark BAKERS EXPRESS® in interstate commerce and throughout the United States. Except as expressly admitted, National Harvest denies the allegations as alleged in paragraph 11 of the Complaint.

12. National Harvest admits that Exhibit C to the Complaint is a copy of the letter that counsel for National Harvest sent to counsel for Campbell, and that the contents of such letter speaks for itself. Except as expressly admitted, National Harvest denies the allegations as alleged in paragraph 12 of the Complaint.

13. National Harvest denies the allegations contained in paragraph 13 of the Complaint.

14. National Harvest denies the allegations contained in paragraph 14 of the Complaint.

## COUNT I: DECLARATORY JUDGMENT

15. National Harvest incorporates by reference its responses to paragraphs 1 through 14 of the Complaint as though fully sent forth herein.

WILMINGTON\79740\1 224155.000

16. National Harvest admits that there is a controversy between Campbell and National Harvest regarding Campbell's unauthorized use of the mark FULLY LOADED in connection with its food products. Except as expressly admitted, National Harvest denies the allegations as alleged in paragraph 16 of the Complaint.

17. National Harvest denies the allegations contained in paragraph 17 of the Complaint.

18. National Harvest denies that Campbell is entitled to any of the prayers for relief contained in paragraphs (a)-(f) the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint and each cause of action contained therein fails to state a claim upon which relief may be granted.

### ADDITIONAL DEFENSES

National Harvest reserves the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of discovery.

### PRAYER FOR RELIEF

WHEREFORE, National Harvest respectfully requests that the Court:

(1) Dismiss the Complaint and all causes of action contained therein in their entirety with prejudice;

(2) Award National Harvest its reasonable attorneys' fees, expenses and costs, pursuant to 15 U.S.C. § 1117 and/or other applicable law; and

(3) Grant such other and/or further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

National Harvest respectively demands a trial by jury on all claims and issues so triable.

## COUNTERCLAIM

Counterclaim Plaintiff National Harvest Food Group LLC ("National Harvest") through counsel, brings this counterclaim against CSC Brands, LC and Campbell Soup Company (collectively, "Campbell") for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

## THE PARTIES

1.   Counterclaim Plaintiff National Harvest is a Delaware Limited Liability Corporation having a principal place of business at 439 E. Shore Drive, Eagle, Idaho 83616.

2.   Upon information and belief, Counterclaim Defendant CSC Brands, LP ("CSC Brands") is a Delaware Limited Partnership having a principal place of business at One Campbell Place, Camden, New Jersey 08103 and an office at 200 Continental Drive, Suite 102, Delaware 19713.

3.   Upon information and belief, Counterclaim Defendant Campbell Soup Company, a company related to CSC Brands, is a New Jersey corporation with a place of business at One Campbell Place, Camden, New Jersey 08103. Campbell Soup Company has a registered agent for service of process is Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION

4.   This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5.   Upon information and belief, this Court has personal jurisdiction over CSC Brands because CSC Brands is a Delaware Limited Partnership with a place of business in

5

Delaware and, thus, has constitutionally sufficient contacts with Delaware to make personal jurisdiction proper in this Court.

6. Upon information and belief, this Court has personal jurisdiction over Campbell Soup Company because it routinely conducts, solicits, and/or transacts business in Delaware, derives substantial revenue from the sale, distribution, and/or manufacture of products in Delaware, is registered to do business in Delaware, and/or purposely availed itself to jurisdiction in this Court by filing a complaint for declaratory judgment against National Harvest and, thus, has constitutionally sufficient contacts with Delaware to make personal jurisdiction proper in this Court.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because both CSC Brands and Campbell Soup Company were subject to personal jurisdiction in this district at the time this action commenced.

## FACTS

8. National Harvest is one of the earliest originators of baked potato meals, side dishes, and non-refrigerated baked potato toppings. National Harvest delivers quality foods and creative concepts to various retailers throughout the United States.

9. Since at least 2002, National Harvest has continuously and exclusively used the mark FULLY LOADED in interstate commerce in connection with baked potato entrees, toppings, and related food items.

10. National Harvest is the owner of Registration No. 2,696,557 (the '557 Registration") for the mark FULLY LOADED® for "baked potato toppings composed primarily of cheese, dairy products and proteins, in class 29 (U.S. Cl. 46)." The '557 Registration was

issued by the United States Patent and Trademark Office ("USPTO") on March 11, 2003. A copy of the certificate of registration for the '557 Registration is attached hereto as Exhibit 1.

11. For over five years, National Harvest has expended substantial funds to advertise and promote its FULLY LOADED brand of food products. National Harvest's FULLY LOADED food products are advertised and promoted on the Internet, and are advertised, offered for sale, and sold through retailers.

12. The mark FULLY LOADED is a strong and distinctive mark that is prominently displayed in connection with food products offered by National Harvest. The public has come to recognize and understand that the mark FULLY LOADED distinguishes and identifies food products offered by National Harvest.

13. As a result of National Harvest's extensive and continuous use, advertisement, and promotion of the mark FULLY LOADED, National Harvest has built a valuable reputation and substantial goodwill among consumers that is symbolized by the mark FULLY LOADED.

14. Upon information and belief, in August 2007, Campbell began using "Fully Loaded" in connection its "Chunky" line of soups. Campbell's "Fully Loaded" food products are promoted and advertised on the Internet at www.chunky.com, and are advertised, promoted, offered for sale, and sold in various retailers across the United States. Examples of Campbell's use of "Fully Loaded" in connection with food products is attached hereto as Exhibit 2.

15. National Harvest had continuously and exclusively used its mark FULLY LOADED throughout the United States for at least five years before Campbell began manufacturing, distributing, advertising, promoting, offering for sale, and/or selling products bearing a mark that is identical to National Harvest's mark FULLY LOADED.

16. National Harvest's FULLY LOADED food products and Campbell's "Fully Loaded" food products are sold through the same or similar channels of trade, including without limitation in supermarkets across the United States.

17. Campbell has used and continues to use "Fully Loaded" on or in connection with food products without the consent or authorization of National Harvest.

18. Campbell's use of "Fully Loaded" is likely to confuse, deceive, and/or mislead prospective and actual purchasers into believing that the food products sold by Campbell is manufactured, distributed, sponsored, endorsed, or approved by, and/or affiliated or otherwise associated with National Harvest and/or that Campbell is the source and/or sponsor of food products sold by National Harvest under the mark FULLY LOADED. This likelihood of confusion and/or reverse confusion, deception, or mistake is causing immediate, substantial, and irreparable harm to National Harvest and the goodwill symbolized by the mark FULLY LOADED and the reputation for the products that such mark embodies.

## COUNT I
### Federal Trademark Infringement – 15 U.S.C. § 1114

19. National Harvest incorporates by reference paragraphs 1 through 18 above as though fully set forth herein.

20. Campbell's use in interstate commerce of a confusingly similar reproduction, copy, or colorable imitation of National Harvest's federally registered mark FULLY LOADED in connection with the sale, offering for sale, distribution, or advertising of, or in connection with Campbell's goods or services is likely to cause confusion, to cause mistake, or to deceive by creating the false and misleading impression that Campbell's goods are manufactured, distributed, sponsored, endorsed, or approved by, and/or affiliated or otherwise associated with

National Harvest and/or that Campbell is the source and/or sponsor of food products sold or offered for sale by National Harvest under the mark FULLY LOADED.

21. Campbell has used, and continues to use, a mark that is identical to National Harvest's federally registered mark FULLY LOADED in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Campbell's activities have caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and/or reverse confusion, mistake, and public deception in the marketplace and injury to National Harvest's goodwill and reputation as symbolized by the mark FULLY LOADED, for which National Harvest has no adequate remedy at law.

22. As a result of Campbell's actions, National Harvest is entitled to injunctive relief, recovery of Campbell's profits, actual damages, reasonable attorneys' fees and costs, and an order for destruction pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

## COUNT II
### Federal Unfair Competition – 15 U.S.C. § 1125

23. National Harvest repeats and incorporates by reference the allegations contained in paragraphs 1 through 22 above as though fully set forth herein.

24. Campbell's use in interstate commerce of a mark that is identical to National Harvest's mark FULLY LOADED is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Campbell with National Harvest, or as to the origin, sponsorship, or approval of Campbell's goods, services, or commercial activities by National Harvest.

25. Campbell has used, and continues to use, a mark that is identical to National Harvest's mark FULLY LOADED thereby creating a false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and Campbell's activities have caused and,

unless enjoined by this Court, will continue to cause, a likelihood of confusion and/or reverse confusion, mistake, and public deception in the marketplace and injury to National Harvest's goodwill and reputation as symbolized by the mark FULLY LOADED, for which National Harvest has no adequate remedy at law.

26. As a result of Campbell's actions, National Harvest is entitled to injunctive relief, recovery of Campbell's profits, actual damages, and reasonable attorneys' fees and costs, and an order for destruction pursuant to 15 U.S.C. §§ 1116, 1117, 1118, and 1125.

## PRAYER FOR RELIEF

WHEREFORE, National Harvest respectfully requests that the Court:

(1) Enter judgment that Campbell has infringed the mark FULLY LOADED pursuant to 15 U.S.C. § 1114;

(2) Enter judgment that Campbell has engaged in unfair competition pursuant to 15 U.S.C. § 1125(a);

(3) Enter a permanent injunction that Campbell and each of its agents, officers, employees, representatives, successors, assign, attorneys, and all other person acting for, or on behalf of, Campbell, or in concert or participation with Campbell, is permanently enjoined from using the mark FULLY LOADED, or any other confusingly similar reproduction, copy, or colorable imitation thereof, on or in connection with the sale, offering for sale, distribution or advertising of any of Campbell's goods or services;

(4) Order that Campbell deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, advertisements, promotional materials, Internet websites, plates, molds, matrices, and all other materials in the possession, custody, or

control of Campbell bearing the mark FULLY LOADED or any other confusingly similar reproduction, copy, or colorful imitation thereof;

(5) Order that Campbell give an accounting to National Harvest for any and all profits derived by Campbell from the sale, manufacture, or distribution of goods or services bearing the mark FULLY LOADED or any confusingly similar reproduction, copy, or colorful imitation thereof;

(6) Award National Harvest all damages caused by the acts forming the basis of this Complaint, including without limitation Campbell's profits and National Harvest's actual damages;

(7) Award National Harvest its reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1117(a) and/or other applicable law; and

(8) Grant such other and/or further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

National Harvest respectively demands a trial by jury on all claims and issues so triable.

Dated: July 9, 2008

David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: dfelice@cozen.com
*Attorneys for Defendant*

*Of Counsel:*
Jason C. Kravitz, Esquire
Gina M. McCreadie, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

WILMINGTON\79740\1 224155.000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CSC BRANDS, LP and<br>CAMPBELL SOUP COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HARVEST FOOD GROUP, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 08-79-GMS<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, David A. Felice, do hereby certify that on July 9, 2008, I electronically filed the foregoing *Answer to Complaint and Counterclaim* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

Thomas P. Preston, Esquire
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801

David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Defendant*

WILMINGTON\79740\1  224155.000