UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CSC BRANDS LP and CAMPBELL SOUP COMPANY,<br><br>        Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>NATIONAL HARVEST FOOD GROUP, LLC,<br><br>        Defendant and Counterclaim Plaintiff. | Civil Action No. 1:08-cv-79-GMS |

## CSC BRANDS LP AND CAMPBELL SOUP COMPANY'S ANSWER TO NATIONAL HARVEST FOOD GROUP, LLC'S COUNTERCLAIMS

Plaintiffs and Counterclaim Defendants, CSC Brands LP and Campbell Soup Company (collectively, "Campbell" or "Plaintiffs"), by and through their undersigned counsel, hereby answer numbered paragraphs of the counterclaims of Defendant National Harvest Food Group, LLC ("National Harvest") as follows:

### PARTIES

1.     Campbell lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Counterclaims and, therefore, denies the same.

2.     Campbell admits the allegations in Paragraph 2 of the Counterclaims, except that CSC Brands LP no longer has an office on Continental Drive.

3.     Campbell admits the allegations in Paragraph 3 of the Counterclaims.

**JURISDICTION**

4.        Paragraph 4 of the Counterclaims states a legal conclusion for which no answer is required.

5.        Paragraph 5 of the Counterclaims states a legal conclusion for which no answer is required.

6.        Whether personal jurisdiction exists over Campbell Soup Company is a legal conclusion for which no answer is required.  Campbell admits that Campbell Soup Company, along with CSC Brands LP, filed a Complaint for Declaratory Judgment against National Harvest in Delaware.  Campbell denies the remaining allegations in Paragraph 6 of the Counterclaims.

7.        Paragraph 7 of the Counterclaims states a legal conclusion for which no answer is required.

**FACTS**

8.        Campbell lacks sufficient information to admit or deny the allegations of Paragraph 8 of the Counterclaims and, therefore, denies the same.

9.        Campbell denies that FULLY LOADED is a "mark" as used in Paragraph 9 of the Counterclaims.  Campbell lacks sufficient information to admit or deny the remaining allegations of Paragraph 9 of the Counterclaims and denies the same.

10.        Campbell admits that National Harvest is listed as the owner of Trademark Registration No. 2,696,557 ("the '557 Registration").  Campbell also admits that Exhibit 1 is attached to the Counterclaims and speaks for itself.

11.        Campbell lacks sufficient information to admit or deny the allegations of Paragraph 11 of the Counterclaims and, therefore, denies the same.

2

12.     Campbell denies the allegations of Paragraph 12 of the Counterclaims.

13.     Campbell denies the allegations of Paragraph 13 of the Counterclaims.

14.     Campbell admits that it has been using "fully loaded" as an adjective in connection with its line of Campbell's® Chunky™ soups since August 2007.  Campbell also admits that it promotes and advertises its line of Campbell's® Chunky™ soups on the Internet and offers for sale and sells these soups to retailers who offer the soups for sale at retail throughout the United States.  Campbell also admits that Exhibit 2 represents a screen shot of Campbell's website.  Campbell denies the remaining allegations of Paragraph 14 of the Counterclaims.

15.     Campbell expressly denies that National Harvest has a valid and enforceable trademark in the term "Fully Loaded".  Campbell lacks sufficient information to admit or deny the remaining allegations of Paragraph 15 of the Counterclaims and, therefore, denies the same.

16.     Campbell lacks sufficient information to admit or deny the allegations of Paragraph 16 of the Counterclaims and, therefore, denies the same.

17.     Campbell denies that any consent or authorization was necessary for its generic use of the adjective "fully loaded" in connection with its soups and, therefore, denies the allegations of Paragraph 17 of the Counterclaims.

18.     Campbell denies the allegations of Paragraph 18 of the Counterclaims.

## COUNT I

### Federal Trademark Infringement – 15 U.S.C. § 1114

19.     Campbell incorporates by reference its responses to Paragraphs 1-18 of the Counterclaims.

20.     Campbell denies the allegations of Paragraph 20 of the Counterclaims.

21.     Campbell denies the allegations of Paragraph 21 of the Counterclaims.

3

22.     Campbell denies the allegations of Paragraph 22 of the Counterclaims.

## COUNT II

### Federal Unfair Competition – 15 U.S.C. § 1125

23.     Campbell incorporates by reference its responses to Paragraphs 1-22 of the Counterclaims.

24.     Campbell denies the allegations of Paragraph 24 of the Counterclaims.

25.     Campbell denies the allegations of Paragraph 25 of the Counterclaims.

26.     Campbell denies the allegations of Paragraph 26 of the Counterclaims.

## PRAYER FOR RELIEF

Campbell denies that it is liable to National Harvest or that National Harvest is entitled to a Judgment against Campbell for any sum or sums whatsoever.  Specifically, Campbell denies any and all of the allegations set forth in Paragraphs 1-8 of this section of the Counterclaims and denies that National Harvest is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

Campbell relies on National Harvest's demand for a trial by jury on all issues so triable.

## AFFIRMATIVE AND SPECIAL DEFENSES

Campbell, for its affirmative defenses, states as follows:

(i)     The Counterclaims fail to state any claim upon which relief can be granted.

(ii)    National Harvest is estopped from pursuing its claims against Campbell.

(iii)   National Harvest has abandoned any rights in the mark FULLY LOADED and its '557 Registration is invalid.

(iv)    National Harvest's '557 Registration and FULLY LOADED mark are invalid.

(v)     National Harvest's claims are barred by the doctrine of unclean hands.

4

(vi)     Campbell does not use "fully loaded" as a trademark.

(vii)    National Harvest's claims are barred by the doctrine of fair use.

## **PRAYER FOR RELIEF**

WHEREFORE, Campbell prays that this Court:

A.      Deny all relief sought by National Harvest with prejudice and that judgment be entered for Campbell;

B.      Award Campbell its costs, reasonable attorneys' fees and expenses incurred in defending this action;

C.      Declare that the use by Campbell, Campbell's affiliates and those acting through Campbell of "fully loaded" as a variety designation is not trademark use;

D.      Declare that the use by Campbell, Campbell's affiliates, and those acting through Campbell of "fully loaded" as a variety designation qualifies as a fair use of this term;

E.      Declare that the use by Campbell, Campbell's affiliates and those acting through Campbell of the term "fully loaded" as a variety designation is not an infringement of National Harvest's purported '557 Registration and FULL LOADED mark;

F.      Declare that National Harvest's '557 Registration and FULLY LOADED mark are invalid;

G.      Cancel National Harvest's '557 Registration pursuant to 15 U.S.C. § 1119;

H.      Declare that National Harvest is estopped from asserting that Campbell, Campbell's affiliates and those acting through Campbell have engaged in trademark infringement; and

022435.00622/90091134v.1

I.    Provide Campbell such further relief as the Court deems just and proper.

Dated:  August 15, 2008

Respectfully submitted,

**BLANK ROME LLP**

_/s/ Elizabeth A. Sloan_
Thomas P. Preston (DE # 2548)
Elizabeth A. Sloan (DE # 5045)
1201 Market Street, Suite 800
Wilmington, DE 19801
Tel: 302.425.6400
Fax: 302.425.6464
_Attorneys for_
_Plaintiffs/Counterclaim Defendants_
_CSC Brands LP and_
_Campbell Soup Company_

OF COUNSEL:
Ira J. Levy
Kathryn A. Starnella
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018-1405
Tel.:  212.813.8800
Fax:  212.355.3333

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

CSC BRANDS LP AND CAMPBELL SOUP COMPANY'S ANSWER TO NATIONAL

HARVEST FOOD GROUP, LLC'S COUNTERCLAIMS was sent via first class mail on this the

15th day of August, 2008, to the following:

Jason C. Kravitz                              David A. Felice (DE # 4090)
Gina M. McCreadie                          Cozen O'Connor
Nixon Peabody LLP                          1201 North Market Street, Suite 1400
100 Summer Street                           Wilmington, Delaware 19801
Boston, Massachusetts 02110            Telephone: 302-295-2011
Facsimile: 617-345-1300                     Facsimile: 302-295-2013


                                                    _____/s/ Elizabeth A. Sloan_____
                                                    Elizabeth A. Sloan (DE Bar #5045)